1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

NORTHWEST
ADMINISTRATORS, INC.,

                    Plaintiff,

          v.

ROSS ISLAND SAND & GRAVEL
COMPANY,

                    Defendant.

CASE NO. C18-1365JLR

ORDER DENYING WITHOUT
PREJUDICE PLAINTIFF'S
MOTION FOR ENTRY OF
DEFAULT JUDGMENT

16      Before the court is Plaintiff Northwest Administrators, Inc.'s ("Northwest

17 Administrators") motion for entry of default judgment against Defendant Ross Island

18 Sand & Gravel Company ("Ross Island").  (Mot. (Dkt. # 7).)

19      The Local Civil Rules provide that a "[p]laintiff must support a motion for default

20 judgment with a declaration and other evidence establishing [the] plaintiff's entitlement

21 to a sum certain."  *See* Local Rules W.D. Wash. LCR 55(b)(2).  If the plaintiff's claim "is

22 based on a contract, [the] plaintiff shall provide the court with a copy of the contract and

cite the relevant provisions." *Id.* LCR 55(b)(2)(A). Local Rule 55 imposes a heavy

evidentiary burden on a party seeking entry of default judgment because such relief is

obtained without the benefit of the adversarial process. *See, e.g.*, *Vawter v. Quality Loan*

*Serv. Corp. of Wash.*, C09-1585JLR, 2011 WL 13190117, at \*2 (W.D. Wash. Mar. 7,

2011).

Here, Northwest Administrators submits the declaration of Miriam Williams in

support of its motion for entry of default judgment. (Williams Decl. (Dkt. # 8).) Ms.

Williams attaches to her declaration trust agreements that Ross Island entered into with

Teamsters Local Union Nos. 81, 162, and 305. (*Id.* ¶¶ 4-6, Exs. A-C.) These agreements

form the basis of Ross Island's monetary obligations to Northwest Administrators. (Reid

Decl. (Dkt. # 7) ¶ 7.)

In reviewing Ms. Williams's declaration, the court observed errors concerning the

effective dates of the trust agreements. First, Ms. Williams states that the trust agreement

between Ross Island and Local Union No. 162 was entered into "on or about March 17,

2015," and was accepted by the Trustees of the Western Conference of Teamsters

Pension Trust Fund ("the Trustees") on June 8, 2016. (Williams Decl. ¶ 4.) The

appended trust agreement pertaining to Local Union No. 162, however, is dated June 6,

2012, and bears no indication of acceptance by the Trustees. (*Id.*, Ex. A.) Second, Ms.

Williams states that the trust agreement between Ross Island and Local Union No. 81

was entered into "on or about April 14, 2016," and was accepted by the Trustees on June

8, 2016. (*Id.* ¶ 5.) The appended trust agreement pertaining to Local Union No. 81,

//

1  however, is dated September 22, 2010, and bears no indication of acceptance by the

2  Trustees.  (*Id.*, Ex. B.)

3      In light of the heavy evidentiary burden imposed by Local Rule 55, *see* Local

4  Rules W.D. Wash. LCR 55(b)(2), the court directs Northwest Administrators to correct

5  these errors or provide a detailed explanation as to why the identified deficiencies are not,

6  in fact, errors.  The court also directs Northwest Administrators to scrupulously review its

7  entire submission for accuracy prior to refiling an amended motion for default judgment.

8      Based on the foregoing analysis, the court DENIES Northwest Administrators'

9  motion for default judgment (Dkt. # 7) without prejudice to refiling with the corrections

10  discussed herein.  The court ORDERS Northwest Administrators to refile an amended

11  motion for default judgment within fourteen (14) days of the date of this order.

12      Dated this 4th day of January, 2019.

13

14  _____

15  The Honorable James L. Robart
    U.S. District Court Judge

16

17

18

19

20

21

22